Hearing:                                     Paper No.
December 17, 1997                                   PTH

THIS DISPOSITION IS NOT
CITABLE AS PRECEDENT OF THE TTAB        11/19/98

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re Brass-Craft Manufacturing Company
_____

Serial Nos. 74/459,806; 74/459,808; 74/459,812;
74/459,813; and 74/463,374
_____

Cynthia B. Summerfield of Rader, Fishman & Grauer, PLLC for
In re Brass-Craft Manufacturing Company.

Caryn L. Hines, Trademark Examining Attorney, Law Office
108 (David Shallant, Managing Attorney).
_____

Before Simms, Hairston and Walters, Administrative
Trademark Judges.

Opinion by Hairston, Administrative Trademark Judge:

Brass-Craft Manufacturing Company has applied to

register, under Section 2(f) of the Trademark Act, the

asserted marks reproduced below for "appliance connectors

made of metal."

Serial No. 74/459,806[1]          Serial No. 74/459,808

Serial No. 74/459,812          Serial No. 74/459,813

Serial No. 74/463,374[2]

---

[1] Application Serial Nos. 74/459,806; 74/459,808; 74/459,812; and 74/459,813 were filed November 19, 1993; alleging dates of first use and first use in commerce of November 1, 1988.  The wording "USE WITH" and "SC OR RSC SERIES GAS CONNECTOR"; "USE WITH" and "SD SERIES GAS VALVE"; "USE WITH" and "SL SERIES GAS VALVE"; and "USE WITH" and "SC SERIES GAS VALVE," respectively, has been disclaimed.

[2] Application Serial No. 74/463,374 was filed November 26, 1993; alleging dates of first use and first use in commerce of November 1, 1988.  The wording "USE WITH" and "SD OR RSD SERIES GAS CONNECTOR" has been disclaimed.

In each application, registration has been finally refused under Sections 1, 2 and 45 of the Trademark Act on the ground that the matter sought to be registered does not function as a mark. Applicant has appealed from the refusal in each application. Briefs have been filed and an oral hearing was held. Because the issue involved in the five applications is the same, and the records are essentially identical, we are rendering our decision as to these applications in a single opinion.

Applicant, in urging reversal of the refusal to register, maintains that the asserted marks are capable of identifying and distinguishing applicant's goods as evidenced by its registrations on the Supplemental Register for the identical marks.[3] Further, applicant contends that it has used and promoted the asserted marks in such a manner that they have come to identify and distinguish applicant's metal appliance connectors. In particular, applicant points out that the wording in each of the

---

[3] Although applicant stresses that its asserted marks are capable of functioning as marks, capability is the standard to determine registrability on the Supplemental Register. All of applicant's applications, however, seek registration on the Principal Register. In addition, we should note that registrations on the Supplemental Register are entitled to no presumptions of validity. In re Federated Department Stores, Inc., 3 USPQ2d 1541 (TTAB 1987).

asserted marks appears in a distinctive blue color against a contrasting white background; that the asserted marks are clearly visible and appear prominently on the packaging for the goods; and that applicant uses the TM notation, thereby claiming the matter sought to be registered as trademarks.

In addition, applicant offered the declaration of Leonard Andrus, its vice-president for marketing and sales, wherein he states that applicant spends approximately $600,000 annually in advertising its products which bear the matter sought to be registered. Accompanying Mr. Andrus' declaration are excerpts from applicant's product catalogs, and promotional material. Also, applicant offered the declarations of five managers of stores which sell plumbing supplies. Each of these declarants states that:

> In the metal gas connector industry, the marks attached as Exhibits A-E, and more particularly the geometric shapes [the designs of a circle, square and triangle] alone or in combination with the language contained therein, have come to be associated with metal gas connectors, valves and fittings from Plumb Shop/Brass-Craft Manufacturing Company, of Novi, Michigan, and identify Plumb Shop/Brass-Craft's metal gas connectors, valves and fittings and distinguish them from those of others.

The Examining Attorney, on the other hand, argues that the asserted marks "are comprised of common geometric shapes used as carriers for informational or instructional

4

statements and as such, do not function as marks." (Brief, p. 1.) While maintaining that the matter sought to be registered in each case does not function as a mark, the Examining Attorney, during the prosecution of these applications and at the oral hearing, stated that the evidence of acquired distinctiveness was sufficient, assuming that the matter sought to be registered was capable of functioning as a mark. The Examining Attorney's statements are somewhat confusing in that they give the impression that acquired distinctiveness in the traditional sense is an issue herein.[4] However, it is clear that is not the case. The Examining Attorney's refusal in each case is that the matter sought to be registered does not function as a mark and she considered applicant's evidence bearing on the use and promotion of the asserted marks (as she should have) in determining whether the asserted marks function as such. We should add that we do not view the Examining Attorney's statements concerning acquired distinctiveness as a concession that the asserted marks function as such.

---

[4] By traditional sense, we mean acquired distinctiveness with respect to marks which fall under the proscription of Section 2(e)(1).

5

Also, we should point out that in addition to its registrations on the Supplemental Register, applicant is the owner of a registration on the Principal Register for the word mark PLUMB SHOP for plumbing fittings and supplies.[5]  However, the fact that the matter sought to be registered in each of these cases includes applicant's PLUMB SHOP mark does not make the entire matter, i.e., the wording along with the design, a trademark.

A critical element in determining whether matter sought to be registered is a trademark is the impression the matter makes on the relevant public.  Thus, in a case such as this, the critical inquiry is whether these asserted marks would be perceived as source indicators or merely as informational or instructional material as the Examining Attorney maintains.  See In re Volvo Cars of North America Inc., 46 USPQ2d 1455 (TTAB 1998).  In order to assess the commercial impact created by the matter sought to be registered here, we look to the specimens and other materials which show how the asserted marks are used in the marketplace.  In re Volvo, *supra*.

Reproduced below is a portion of the packaging bearing one of the asserted marks.  The packaging bearing the other asserted marks is very similar.

---

[5] Registration No. 854,493 issued August 13, 1968; renewed.

We find that the primary significance of the matter sought to be registered, as used by applicant, and as likely perceived by purchasers and prospective purchasers, is merely that of informational material.  In particular, the wording informs consumers concerning which of applicant's metal appliance connectors may be used with its PLUMB SHOP valves.  Although applicant maintains that the wording in each of the asserted marks is set off with a distinctive blue color against a contrasting white background, the drawings for the asserted marks are not

7

lined for color.   Further, the designs, which are common geometric shapes, identify the kind of appliance (e.g., clothes dryer, furnace, or range) with which applicant's metal connectors may be used.  We note in this regard that a guide for matching applicant's metal connectors with the appropriate appliance is displayed along with its products. The guide is reproduced below.

In view of the foregoing, we find that the matter sought to be registered in each application does not function as a mark, but simply serves to convey useful information regarding applicant's metal appliance connectors to purchasers and prospective purchasers.  In reaching our decision, we have, of course, considered applicant's promotional efforts and the store managers'

8

declarations. In evaluating the significance of applicant's advertising or promotional figures, which are offered as evidence of acquired distinctiveness, we must consider not only the extent of advertising or promotion, but also whether the asserted marks have been used therein in such a manner as to create in the minds of the purchasing public an association of the asserted marks with applicant and metal appliance connectors. See In re Semel, 189 USPQ 285 (TTAB 1975). In each of these cases, applicant made of record an advertising brochure, gas connector sizing guide, in-store display, installation guide, and catalog. However, in none of these materials is the matter sought to be registered used in the manner of a mark. Rather, it is PLUMB SHOP appearing alone which is used in the manner of a mark and would be perceived as such by purchasers and prospective purchasers of applicant's metal appliance connectors. Also, the store managers' declarations are of limited probative value for two reasons. First, there is nothing in the record which shows that the declarants are qualified to speak on behalf of the "metal gas connector industry" with regard to how the asserted marks are perceived. Second, and more importantly, the opinions of the store managers are unconvincing that purchasers as distinguished from

9

retailers and dealers actually recognize the matter sought to be registered as applicant's marks. See In re Semel, *supra*. In short, the Board is not persuaded by the evidence presented herein that the asserted marks do in fact function as marks.

Finally, applicant's use of the notice indicating that the asserted marks are trademarks of applicant does not transform these designations into trademarks indicating source or origin. In re Volvo Cars of North America, *supra* and cases cited therein.

Accordingly, we agree with the Examining Attorney that in each case the matter sought to be registered, as used by applicant, does not function as a trademark for applicant's metal appliance connectors.

**Decision**:  The refusal to register in each application is affirmed.

R. L. Simms

P. T. Hairston

C. E. Walters
Administrative Trademark
Judges, Trademark Trial and
Appeal Board